**SURSO et, Plaintiffs-Appellants, v. LUCAK, Admr. et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22686.   Decided June 3, 1953.

Feighan & Feighan, Cleveland, for plaintiffs-appellants.
H. E. Zdara, Cleveland, for defendants-appellees.

(DOYLE, PJ, STEVENS, J, HUNSICKER, J, of the Ninth District, sitting by designation in the Eighth District.)

## OPINION

By HUNSICKER, J:

An action for a declaratory judgment was filed in the Probate Court of Cuyahoga County by some of the heirs of Mike Suvak, a. k. a. Michael Suvak, deceased, concerning certain assets of the estate of Mary Suvak, the deceased wife of Mike Suvak. This action sought to establish the right of such heirs to an interest in a certain bank account, by virtue of §10503-5 GC known as the half-and-half statute.

Mike Suvak died in 1945, and his wife, Mary, died some years later. There was no issue of this marriage. Mike Suvak. by will, gave his entire estate to his wife, Mary, and named her as executrix.

Among the assets of the estate of Mike Suvak was a bank savings account No. 580195, in the amount of $9,655.97. On March 6, 1945, Mary Suvak, executrix of the estate of Michael Suvak, by means of a withdrawal form provided by the bank, acknowledged the receipt from the bank of the sum of $9,655.97 from the account of her deceased husband. On this withdrawal form is noted a statement in writing, "Transferred to A56594."

An account No. A56594 in the same bank was then opened on the same day—towit March 6, 1945—in the name of Mary Suvak, executrix of the estate of Mike Suvak, and on that day Mary Suvak withdrew the sum of $1064.50 from this account No. A56594. No other withdrawals or additions. except interest accumulations, were made, and the account remained as indicated until after the death of Mary Suvak.

Mary Suvak died intestate, and her administrator, Michael Lucak, the appellee herein, took possession of the money. Thereafter some of the heirs of Mike Suvak filed their action, claiming that the bank account No. A56594, standing in the name of Mary Suvak, executrix of the estate of Mike Suvak, deceased, was, at the time of the death of Mary Suvak. the identical property left to her by Mike Suvak at the time of his death.

The trial court determined that the funds deposited in the

bank known as a savings account No. A56594, were not the identical personal property owned by Mike Suvak at the time of his death. From the judgment so entered, an appeal on questions of law is before this court.

The only assignment of error is:

"The trial court erred in holding that the bank account held by defendant's decedent at the time of her death was not the identical property owned by her husband, Mike Suvak, at the time of his death."

Sec. 10503-5 GC in part says:

"When a relict of a deceased husband or wife dies intestate and without issue, possessed of **identical** real estate or **personal property**" then the provisions of this statute shall take effect. (Emphasis ours.)

This section of the General Code, a part of the Chapter on "Descent and Distribution" is commonly referred to as the "half-and-half" statute. The general provisions of this part of the Code, similar to those now in effect, have been a part of the law of this State for many years. The purpose of the law is to provide a method for the succession to real and personal property which comes to a relict of a deceased husband or wife who dies intestate and without issue. The property, inheritance of which is thus provided for, must be the identical property which the relict received from the deceased spouse. In order that both sides of the relationship receive a portion of the estate to be distributed, an equal division is made thereof, and one-half goes to those entitled to receive who are related to the relict in the manner set out in the statute, and the other half is given to those entitled to receive who are related to the deceased husband or wife, as provided in the statute.

The word "identical" was made a part of the "half-and-half" statute in August, 1941, but our courts had construed the earlier language of the statute to mean the "identical" property.

**Guear et al v. Stechschulte Admr. et al, 119 Oh St 1 at p. 6; Wilson v. Eccles, 119 Oh St 184 at p. 188.**

A recent Ohio Supreme Court opinion declares the purpose of this statute (§10503-5 GC) to be "to preserve equity as between the next of kin of the two spouses in property which has passed from one spouse to the other by way of inheritance." **Barlow v. Winters Natl. Bank & Trust Co., 145 Oh St 270 at p. 280.**

It would seem certain, too, that the equity to be administered is to be sufficiently exact for practical purposes, for the legislature did not intend to invite a struggle over the meaning of a word.

The Oxford English Dictionary defines "identical" as "1. the same; the very same * * *." "2. Agreeing entirely in material, constitution, properties, qualities, or meaning * * *" No definition has been given in the Ohio cases, although fact situations have been reviewed setting out what is not identical property within the meaning of the section.

**Speidel Admr. v. Schaller, 73 Oh Ap 141; Snyder Admr. v. Howe et al, 73 Oh Ap 518; Wilson v. Eccles, 119 Oh St 184; Knauss Admr. v. Knauss, 58 Oh Ap 183.**

The financial institution in which the Suvak money was placed on deposit is shown, by the exhibits, to be "Society for Savings of Cleveland, Ohio." The exact nature of this institution is not established by the bill of exceptions, and we are in no position to speculate as to its corporate structure and authority. It is referred to by counsel as a bank, although its name may show it be to be a savings society operated under authority of §710-148 et seq., GC. The difference may be appreciated when we examine the authorities with reference to the relationship between a bank depositor and a savings society depositor.

"1. The relationship between a bank and a general depositor is that of debtor and creditor." **Speroff v. First-Central Trust Co., 149 Oh St 415.**

"2. * * * the relation of savings societies, such as defendant, and depositor is that of agent and principal * * *." Collett Treas. v. Springfield Savings Society, 13 O. C. C. 131 at p. 134; affirmed without opinion in **56 Oh St 776.**

In any event, the contract relationship established by Mike Suvak with Society for Savings, and the contract relationship existing between Mary Suvak and such financial institution, were similar. Each had the right to have his or her deposit returned to him or her, or, as in the instant case, to his or her personal representative.

Mike Suvak, during his lifetime, by deposit of money in the financial institution, in effect entered into a contract with such institutions, whereby it agreed to accept and use his money, and, upon the happening of certain conditions, it agreed to repay to him a like amount of money and something additional for the use thereof. Whether this additional payment is interest or dividend is not entirely clear., for on one of the exhibits (the account card) both the word "interest" and the word "dividend" are used.

The contract which Mike Suvak had with Society for Savings was cancelled after his death, and a new contract with Mary Suvak was entered into. In this new contract, Society for Savings was no longer obligated to Mike Suvak or his estate,

but to Mary Suvak. The property which Mike Suvak possessed at his death—the right to have his contract completed according to its terms—was no longer in existence. When Mary Suvak died, she was in possession of a new and different obligation.

At the time the new obligation was entered into between the financial institution and Mary Suvak, the "identical" property left by her husband ceased to exist, and a new property came into being.

A case analogous to the instant action is **Speidel Admr. v. Schaller, 73 Oh Ap 141,** wherein the court said:

"6. Where, during her lifetime, a widow transferred the title to bonds, received from her deceased husband, to the treasurer of the political subdivision issuing them, agreeing to accept refunding bonds therefor, such refunding bonds having been delivered after her death to the administrator of her estate, pass to her next of kin, under provisions of §10503-4 'GC, the contract right to the refunding bonds not being the 'identical' property coming from the deceased husbands within the meaning of §10503-5 GC."

The court in that case also said at page 150:

"Unless the same property has continued to be owned by the intestate and forms an asset of his or her estate, the statute has no application. The doctrine of tracing property into a transmuted form familiar in the law of trusts, has no relevancy to this inquiry."

Although we do not find any case directly in point on the question before us, yet other cases of interest on this subject are **Kolthoff Admrx. v. Kolthoff et al, 79 Oh Ap 427,** decided by this court in an opinion written by Judge Stevens and **Smith Admr. v. Unterburger, et al, 86 Oh Ap 237.**

We determine, therefore, that the Society for Savings Account No. A56594, in the name of Mary Suvak, executrix of the estate of Mike Suvak, at the time of her death was not the identical property which she (Mary Suvak) received from the estate of her deceased husband, Mike Suvak.

The judgment is affirmed.

DOYLE, PJ, STEVENS, J, concur.